Corlis *v.* Little.

---

DAVID CORLIS and BRITTON W. CORLIS v. WILLIAM LITTLE and STEPHEN PERRINE.

On a trial of title, a certificate of two surveyors of the highways, adjudging where the parties therein mentioned, should set their partition fence, in respect to the very line in dispute, is not admissible evidence. The order of the surveyors is intended by statute for fixing the place of a temporary partition fence, until the place shall be legally settled, and to enable the party making the fence, to recover from the other, his just proportion of the expense. The statute expressly declares, that the title shall remain the same, as though the order had never been made.

This was an action of trespass brought in the court of Common Pleas of the county of Monmouth. The question in dis-

pute was a matter of title, and a great variety of testimony was offered, and received during the trial, which it is unnecessary to detail. The defendants below offered to prove, and read in evidence a certificate of two surveyors of the highways, made the 3d July, 1792, under the act in *Allinson* 95, *sec.* 4, and adjudging, where the parties therein mentioned, should set their partition fence. This evidence was objected to by the plaintiffs below, and after argument overruled; and thereupon the defendant prayed a bill of exceptions, which was allowed. On the removal of the judgment into this court, by writ of error, the only question argued and submitted, was the rejection of this evidence.

*J. F. Randolph* on the part of the plaintiffs in error, argued, that whatever would fix and settle the north-west line of the survey would be competent, and admissible evidence. The surveyors of the highways, and their order and certificate, did not merely apply to the line of the parties therein mentioned, but to the whole of the last line of the patent. And in settling this, the first enquiry with the surveyors would be, where is the beginning of the West patent, and the next, where would this line run; the very matter now in dispute between these parties.

*Wall* on the part of the defendants in error, contended that the evidence offered and rejected, was not competent and admissible on a question of title. The statute expressly declares that the proceedings of the surveyors shall not be so conclusive on either party as to exclude either of them of any just claim to a greater quantity of land. *Allinson* 95, *sec.* 4. He cited also, *Coxe Rep.* 53.

*Attorney General* for the plaintiffs in error, answered.

FORD, J. This action was trespass in the Common Pleas of Monmouth, for cutting timber near a partition line between the parties. The line separated the survey under which the defendants claimed, which had been returned in 1760 to one David Knoff, from the survey under which the plaintiffs claimed, which had been returned in 1690 to one Stephen West, but it could not be exactly settled, owing to the loss of an ancient monument called for at the beginning of it, and each side claimed the place where the timber was cut by the defendants. This monument had been a white oak tree, marked on four sides, standing on

Corlis *v.* Little.

the north side of a brook, for the beginning corner of the oldest survey, and marked the line also on which the adjoining survey was afterwards laid ; but it had disappeared many years ago by age and decay, and its ancient situation was the point in dispute. Each party adduced its evidence in turn, such as the recollections of aged witnesses ; of others who had heard it spoken of by aged persons deceased ; of those who had been chain bearers on the tract ; and deeds of neighboring surveys shedding any light on the point.

The defendants after other evidence, offered a certificate of two surveyors of the highways, made the 3d July, 1792, under the act in *Allinson* 95, *sec.* 4, adjudging where the parties therein mentioned should set their partition fence in respect of this very line, which was then in dispute, about forty years ago. The certificate being objected to, was ruled by the court not to be admissible evidence. The defendants below took a bill of exceptions to that opinion, and assign the rejection of that certificate for error. A long possession according to that order is said to be good persuasive evidence of the line ; that it is of the same kind with the other parol evidence of it, and as admissible as deeds and surveys of neighboring tracts, which are always received in evidence. Now there cannot be a doubt but that possession in one place, continued for a great length of time, whether with or without such an order, is admissible evidence, and according to circumstances may be persuasive evidence of the place of the line ; indeed it does not seem to have been overruled or even objected to ; but the certificate itself was by no means admissible, neither as a document made under the statute ; nor independently of the statute as a document shewing the opinions of the surveyors. The order is intended by statute for fixing the place of a temporary partition fence until the place shall be legally settled ; and though it may not happen to fix the place right, it shall enable the party making the fence to recover from the other his just proportion of the expense. The object of it was the promotion of husbandry and protection of crops, and constitutes it an excellent law when its object is not perverted ; and lest it should be adduced to prejudice the lawful claim, the statute declares that the title shall remain the same as though this order had never been made. It

Corlis *v.* Little.

was proper evidence to recover from the adverse party his proportion of the cost of a temporary fence; but it was to have no more weight on the trial of the title than if it had never been made; it was not even to be considered as in existence. Its rejection therefore was in pursuance of the statute.

But independently of the statute, a neighboring deed is alleged to be good corroborative evidence of a monument or a line, and why should not an order of surveyors of the highways be the same? There is a very great difference between them. A deed is a solemn instrument of transfer, founded not on a coercion but on mutual contract for valuable consideration, and when it shews the former situation of a land mark now gone to decay but existing at the time it was made, it is entitled to much weight and consideration. But what is this certificate? It was not made till after the loss of the monument had rendered its situation a matter of dispute and contention. It was therefore altogether conjectural; no more than the vague opinion of a couple of strangers, founded on no evidence that is set out, and that might have been legal or might have been illegal. A mere opinion is never admissible in evidence, except it be of scientific persons on scientific subjects, or in the case of compurgators. People entertain opinions on almost every subject that comes into a court of justice, some on one side, some on the other, and if one man's opinion is evidence, every man's is so. But a jury is kept together in order to exclude all mere opinions, so as to bring them to decide on the merits of a title according to their own opinion on the facts in evidence.

It may be said that the court must presume this order to have been made upon a full hearing of proofs and allegations, because the statute required it to be so made; and that it partakes of the nature of a judgment. But if it were a real judgment it would not be legal evidence against any but the parties to it, who had the privilege of being heard, of adducing evidence and cross examining the adverse witnesses. Neither these plaintiffs nor these defendants were any parties to that proceeding, nor do they claim under any who were so. It respected the eastern end of the line, where the plaintiffs owned no land and had no interest. Brewer the owner on one side, and Lovell the owner on the other side of the line, kept that dispute to themselves

and managed it in their own way before the surveyors of the highways. The plaintiffs below had nothing to do with it, and if the judgment was ever so regular between others, it could not be given in evidence against them.

The great point is, that a summary order like this, was never intended to have any bearing on the title. To turn this statute from the good end it was made to promote, and apply it to the prohibited purpose of influencing the title, would have been the perversion of a good law to a forbidden use. In this view of the subject the judgment must be affirmed.

DRAKE, J. concurred.

Judgment affirmed.